## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL A. MAGLIARI JR.,<br>*Plaintiff,*<br><br>v.<br><br>GARY WHITE, and<br>MICHAEL NEMEC,<br>*Defendants.* | No. 3:22-cv-1305 (VAB) |

## RULING AND ORDER ON MOTION TO DISMISS

Samuel Magliari, Jr. ("Plaintiff" or "Mr. Magliari"), proceeding *pro se*, has sued Judge Gary White ("Judge White") and Assistant State's Attorney Michael Nemec ("ASA Nemec") (collectively, "Defendants"). Am. Compl., ECF No. 6. Mr. Magliari alleges that Judge White and ASA Nemec violated his rights under 18 U.S.C. § 4; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 371; Conn. Gen. Stat. § 53a-92; and the Suspension of Habeas Corpus Clause of the United States Constitution, Article I, Section 9, Clause 2. *Id.* at 3.

On December 1, 2022, Defendants jointly filed a motion to dismiss the case in its entirety. Mot. to Dismiss, ECF No. 10; Mem. of Law in Supp. of Defs.' Mot. to Dismiss, ECF No. 10-1 ("Mot.").

For the following reasons, the motion to dismiss is **GRANTED.**

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Judge White allegedly conspired with ASA Nemec and Michael Genovese ("Mr. Genovese"), a licensed clinical social worker, "to illegally incarcerate," "conceal evidence and witness testimony," and "intentionally retaliate against" Mr. Magliari and his family. Am.

1

Compl. at 4.

Mr. Magliari was allegedly maliciously prosecuted for over three and a half years

because he filed "Good Faith Whistle Blower complaints exposing organized crimes throughout

the city and state governments including conspiracy embezzlement crimes . . . of the Stamford

Board of Ethics." *Id.*

Mr. Magliari allegedly spent a period of time at Whiting Forensic Hospital mental ward

where he was allegedly held illegally, forced to take psychiatric medication, and restrained

against his will. *Id.* at 5.

As a result of this, Mr. Magliari allegedly suffered emotional distress, post-traumatic

stress disorder, and anxiety. *Id.*

Mr. Magliari requests monetary damages, "dismissal of all current [criminal] charges

pending" in Connecticut state court, return of property seized in connection with the pending

cases, and "return of all Bail Fees paid." *Id.*

### B.  Procedural History

On October 17, 2022, Mr. Magliari filed the Complaint against ASA Nemec and Judge

White. Compl., ECF No. 1.

On November 4, 2022, Mr. Magliari filed an Amended Complaint against ASA Nemec

and Judge White. Am. Compl.

On December 1, 2022, Defendants jointly filed a motion to dismiss the Amended

Complaint. Mot.

On December 21, 2022, Mr. Magliari filed an affidavit of service. Affidavit of Serv., ECF

No. 11.

On January 5, 2023, Defendants filed an emergency motion to quash Mr. Magliari's

subpoenas and to stay discovery. Emergency Mot. to Quash and Stay Disc., ECF No. 12.

On January 5, 2023, Defendants also filed a motion to supplement the pending motion to dismiss. Mot. to Supp. Mot. to Dismiss, ECF No. 12 ("Suppl. Mot.").

On January 6, 2023, the Court granted the motion to quash, granted the motion to stay discovery pending a decision on the motion to dismiss, and granted the motion to supplement the pending motion to dismiss. Order, ECF No. 14.

## II.    STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court

takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.   DISCUSSION

Defendants argue that the Amended Complaint should be dismissed for failure to state a claim because there is no private right of action under federal or state penal statutes, Defendants are shielded from individual liability by absolute prosecutorial and judicial immunity, and Defendants are shielded in their official capacity by sovereign immunity. Mot. at 8–19.

The Court will address each of these bases below.[1]

---

[1] Defendants also have properly raised another threshold issue: the lack of personal jurisdiction over any of the Defendants due to a lack of proper service. *See* Mot. at 7 ("Because the Plaintiff has failed to effectuate proper service of process upon the Defendants in accordance with state law as well, he has failed to effectuate service of process in accordance with Fed. R. Civ. P. 4 and dismissal of his amended complaint in its entirety is warranted."). For the reasons stated in Defendants' filing, the Court agrees. Nevertheless, given the Second Circuit's preference for adjudicating matters on the merits, *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993), and

### A.  Criminal Claims

"A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action . . . . As a general matter, we have long recognized that crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (first citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002); then citing *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972)).

Mr. Magliari alleges claims under Title 18, United States Code, Sections 4, 241, 242, and 371, and Connecticut General Statute Section 53a-92. Am. Compl. at 3.

Defendants argue that none of these criminal statutes provide a private cause of action. Mot. at 11–13. In light of this, Defendants contend that Mr. Magliari has failed to state a claim. *Id.* at 12 (citing *Perez-Dickson v. City of Bridgeport*, 304 Conn. 483, 508 (2012) (stating that where a statute does not provide a private cause of action, the court lacks subject matter jurisdiction over the plaintiff's claim)).

The Court agrees.

Several of Mr. Magliari's federal claims are brought under Title 18, the criminal code, and involve sections that do not include a private right of action. *See Burke v. APT Found.*, 509 F. Supp. 2d 169, 173 (D. Conn. 2007) (finding that 18 U.S.C. §§ 241, 242, and 371 do not include a private cause of action); *Terpening v. McGinty*, No. 1:21-CV-1215 (GTS/CFH), 2022 WL 17418268, at *3 (N.D.N.Y. Oct. 5, 2022) (finding 18 U.S.C. §§ 241 and 242 do not include a private cause of action). Similarly, the state claim is brought under the Connecticut Criminal Code and does not include a private right of action. *See Cummings v. Liberty Mut. Grp.*, No.

---

given the serious deficiencies on the merits as to Mr. Magliari's claims, the Court has decided to address them as well.

5

TTD-CV18-5011646A, 2022 WL 1051223, at *4 (Conn. Super. Ct. Mar. 11, 2022) (finding that 52a-139 did not create a private cause of action because it "is a criminal statute without language that creates a private cause of action"); Conn. Gen. Stat. § 53a-92 (describing the elements of kidnapping without any reference to creating a private cause of action). Therefore, Mr. Magliari cannot bring civil claims under these statutes.

Accordingly, Defendants' motion to dismiss will be granted on these grounds and the claims brought under criminal statutes will be dismissed with prejudice.

### B.  Habeas Corpus Claim

Mr. Magliari alleges a claim under the Suspension of Habeas Corpus Clause of the United States Constitution, Am. Compl. at 3, which the Court construes as a habeas corpus petition under 28 U.S.C. § 2241.

Under 28 U.S.C. § 2241, federal courts are permitted to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is generally the proper vehicle for a state prisoner who has not yet been convicted but argues that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*; *see also Hoffler v. Bezio*, 726 F.3d 144, 146 (2d Cir. 2013) (assuming without deciding that § 2241 petition is the proper vehicle for state prisoner seeking to prevent New York from retrying him).

Defendants argue that Mr. Magliari's habeas claim must be dismissed because Mr. Magliari has not named his custodian as a defendant, and he has not explained how his federal constitutional rights have been violated. *Id.* at 13. Defendants also argue that Mr. Magliari has

failed to plead any facts showing that he exhausted his state court remedies. *Id.* at 13–14.

The Court agrees.

Although § 2241 does not contain a statutory exhaustion requirement, binding precedent establishes that a § 2241 petitioner must exhaust his available state court remedies before seeking relief in federal court. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (explaining in relation to petitioner's § 2241 petition that "petitioner has exhausted all available state remedies as a prelude to this action" related to his Speedy Trial Rights); *Hoffler*, 726 F.3d at 150–51 (describing petitioner's exhaustion of his state court remedies before filing the § 2241 petition); *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) ("Although not a statutory requirement, [§] 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court.").

To satisfy § 2241's exhaustion requirement, a petitioner must "exhaust available state remedies," and, in doing so, "fairly present [each] claim [for habeas relief] in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotation marks omitted). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also O'Neal v. New York*, 465 F. Supp. 3d 206, 218 (E.D.N.Y. 2020) (holding that a petitioner must bring a state habeas proceeding to seek bail pending appeal before bringing a federal constitutional challenge).

On the face of the Amended Complaint, it is impossible to determine if Mr. Magliari has

properly exhausted his administrative remedies as he has not included any facts showing that he challenged his custody through the state's habeas process before petitioning this Court.

Accordingly, Defendants motion to dismiss will be granted on these grounds.

## C. Leave to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed

amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

In Defendants' supplemental motion to dismiss, they provided a copy of a Second Amended Complaint that Mr. Magliari has not yet requested leave to file to the docket. Second Am. Compl., ECF No. 13-2. In the Second Amended Complaint, Mr. Magliari has restated several of the claims discussed above as violations of § 1983. *Id.* at 4–5. Defendants argue that these amended claims are futile because many of the underlying events are barred by the three-year statute of limitations. Suppl. Mot. at 5. Additionally, Defendants argue that ASA Nemec is shielded by absolute prosecutorial immunity for "actions he has taken in the court room to prosecute the Plaintiff." *Id.* at 7. Defendants contend that Judge White is similarly immune from § 1983 claims because he has absolute judicial immunity "for his role in presiding over the criminal proceedings." *Id.* at 8.

The Court agrees.

It would be futile to allow Mr. Magliari leave to amend the Complaint to include § 1983 claims against ASA Nemec because "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citations and quotation marks omitted). Mr. Magliari's claims here relate to ASA's decision to prosecute and present a case against him, and therefore, ASA Nemec is immune from suit.

It would be similarly futile to allow Mr. Magliari leave to amend the Complaint to include § 1983 claims against Judge White because Judge White is absolutely immune for his role adjudicating Mr. Magliari's criminal prosecutions. *Tucker v. Outwater*, 118 F.3d 930, 937–

38 (2d Cir. 1997) ("[I]n a [§] 1983 case, a judge of a court of limited jurisdiction is entitled, like a judge of a court of general jurisdiction, to judicial immunity for all judicial acts not performed in the clear absence of all jurisdiction."); *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[T]he Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature.").

Accordingly, Mr. Magliari will not be granted leave to amend the Complaint to plead § 1983 claims against these Defendants.

Mr. Magliari's habeas petition will be dismissed without prejudice to renewal after he has exhausted his state court remedies and as long as he includes the relevant custodian in any renewed habeas petition. *See United States v. Arthur*, 367 F.3d 119, 122 (2d Cir. 2004) (stating that the proper custodian for a petitioner released on bond is "the officials who administer" the bond system in the locality where the petitioner is subject to supervision because the petitioner "is in custody for the purposes of [§] 2241 by virtue of the limitations placed upon his liberty by the conditions of his bail"); *Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011) ("[W]henever a [28 U.S.C.] § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004))).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

Mr. Magliari's criminal claims are dismissed with prejudice.

Mr. Magliari's habeas claim is dismissed without prejudice to renewal after he has exhausted his state court remedies and as long as he includes the relevant custodian in any such

habeas petition.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of May, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE